**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**JEREMY JEROME,**

     **Plaintiff,**

**vs.**                        **Case No. 4:16cv450-WS/CAS**

**DEBRA J. RITCHASON, et al.,**

     **Defendants.**

_____/

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, filed a civil rights complaint, ECF No. 1, and a motion seeking leave to proceed in forma pauperis, ECF No. 2, on July 19, 2016. Prior to review of those documents, Plaintiff filed a "supplement," ECF No. 4, on July 20th. On July 25, 2016, Plaintiff then filed a first amended complaint, ECF No. 5.

Although the in forma pauperis motion is not entirely complete because Plaintiff omitted one page of the motion and did not provide any information as to his prior employment, in light of the fact that Plaintiff is staying at the Shelter in Tallahassee, it is sufficient to demonstrate that

Plaintiff is unable to pay the filing fee for this case.  The motion is granted and the Clerk shall file the complaint without payment of the filing fee.

The "supplement," ECF No. 4, is not intelligible and does not provide supplemental information helpful to litigating this case.  The "amended complaint," ECF No. 5, has been reviewed and also presents unintelligible allegations.  Plaintiff does not request any relief from this Court.  *Id.* at 4. The complaint should be dismissed because it is frivolous.

A United States District Court may dismiss a case filed in forma pauperis if it is satisfied that the action is frivolous or malicious.  28 U.S.C. § 1915.  The Supreme Court in <u>Neitzke v. Williams</u>, 490 U.S. 319, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989), recognized two types of cases which may be dismissed, *sua sponte*, pursuant to 28 U.S.C. § 1915(d).  In the first class are "claim(s) based on an indisputably meritless legal theory," and in the second class are "those claims whose factual contentions are clearly baseless."  *Id.*  Within the former are those cases in which it is either readily apparent that a complaint lacks an arguable basis in law or that defendants are clearly entitled to immunity from suit.  Within the latter are those cases describing scenarios clearly removed from reality.  <u>Sultenfuss v. Snow</u>, 894 F.2d 1277 (11th Cir. 1990) (citing <u>Neitzke</u>).  This case does

not present a comprehensible legal theory and appears to be removed from reality.  Dismissal is appropriate pursuant to § 1915(e)[1] is appropriate.

Accordingly, it is

**ORDERED:**

1.  Plaintiff's motion seeking leave to proceed in forma pauperis, ECF No. 2, is **Granted**.

2.  The Clerk of Court shall file Plaintiff's complaint without requiring payment of the filing fee.

**RECOMMENDATION**

It is respectfully **RECOMMENDED** that Plaintiff's amended complaint, ECF No. 5, be **DISMISSED** because it is both frivolous and fails to state a claim upon which relief may be granted.

**IN CHAMBERS** at Tallahassee, Florida, on August 1, 2016.


 s/     Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

---

[1]  The P.L.R.A. redesignated 1915(d) as 1915(e).

## NOTICE TO THE PARTIES

**Specific, written objections to these proposed findings and recommendations must be filed within 14 days after being served with a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  A copy of the objections shall be served upon all other parties.  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  See 11th Cir. Rule 3-1; 28 U.S.C. § 636.  A party may respond to another party's objections within 14 days after being served with a copy thereof.**